[Civ. No. 4265.   Fourth Dist.   July 17, 1951.]

JOSEPH CHANITZ et al., Petitioners, v. SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

Ray Miller and Augustine, Bryans & Champion for Petitioners.

No appearance for Respondents.

BARNARD, P. J.—This is a petition for a writ of prohibition commanding the respondent court to desist from any further proceedings, as against the petitioners, in a divorce case pending in that court.

In the case of *June Nelson* v. *Norman B. Nelson* a final decree of divorce was entered on May 13, 1948.   On May 22, 1951, June Nelson filed an affidavit stating that certain amounts were due her under the decree; that Norman B. Nelson owns an interest in a cocktail bar known as the "Blue Pacific"; and that these petitioners also claim an interest in that business, claiming a partnership with Nelson.   The affidavit prayed for a judgment against Nelson; and that a receiver be appointed to take possession of Nelson's property and dispose of sufficient to meet her claim, or that the court charge the interest of Nelson in this partnership, if any, with said amount.

On July 2, an action was filed in the same court for a dissolution of the partnership consisting of these petitioners and Norman B. Nelson, who are operating the business known as the "Blue Pacific." On July 6, June Nelson filed a supplemental affidavit in the divorce action, stating that the only property of Nelson in this state is his interest in the "Blue Pacific"; that unless a receiver is appointed "in accordance with the prayer" contained in her former affidavit the interest of Nelson will be placed beyond the reach of her judgment; and that an action has been filed to dissolve the partnership and distribute the assets, to her prejudice. On July 9, the court entered an order appointing a receiver, with bond fixed at $1,000, and directing him to take full charge of and to operate the business known as the "Blue Pacific." It was further ordered that these petitioners, "claiming to be partners" in this business, show cause on July 26 why the receiver should not sell this business "and all of its assets" and apply the proceeds on the claim of June Nelson; and that all proceedings in the action for dissolution of the partnership be suspended pending the hearing on this order to show cause. This application for writ of prohibition followed.

While the order directing the receiver to take possession of and operate the entire business in question exceeded any relief supported by or prayed for in the affidavit, prohibition is here sought only with respect to future proceedings. The petitioners are now ordered to show cause why the entire business should not be sold in the divorce proceedings. It cannot be assumed that the court will order a sale of this business, in its entirety, if any reasonable showing is made that the petitioners own some interest in it. And it cannot be assumed that the court would attempt, in the divorce proceeding, to try the issues raised by the dissolution of partnership action, or attempt to place on these petitioners the burden of proving the exact extent of their interests in the business. If, upon the hearing of the order to show cause, an improper order should be entered another application for a writ may be made.

The petition is denied.

Mussell, J., concurred.